# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**STACY NORRIS,**

      **Plaintiff,**

  v.                                 Civil Action 2:17-cv-791
                                       Judge Algenon L. Marbley
                                       Magistrate Judge Jolson

**GLASSDOOR, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION
## AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint *Instanter*. (Doc. 17). For the reasons that follow, that Motion is **GRANTED.** It is also **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 4) be **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff initiated this action on September 6, 2017, alleging a violation of the Uniformed Services Employment and Reemployment Rights Act, of 1994 ("USERRA") and breach of contract against Defendant, her former employer. (Doc. 1). Shortly thereafter, Defendant filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, which was briefed and is ripe for review. (Doc. 4). The Court then entered a scheduling order in November 2017, ordering, *inter alia*, that "[a]ny motion to amend the pleadings or to join additional parties [] be filed by December 29, 2017. (Doc. 11).

On December 28, 2017, Plaintiff filed the Motion at issue, seeking to add "a discrimination claim under USERRA and a fraud claim." (Doc. 17). Plaintiff avers that "[t]he

fraud claim arises out of the same set of circumstances as the breach of contract claim." (*Id.* at 3). Defendant opposed the Motion (Doc. 19), and Plaintiff filed a Reply (Doc. 22). Thus, this matter is ripe for resolution.

## II.   STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Defendant argues that Plaintiff's Motion should be denied because amendment would be futile, as the USERRA, breach of contract, and fraud claims fail to state a claim upon which relief can be granted. (Doc. 19). Indeed, Defendant's Opposition presents extensive arguments for why it believes Plaintiff's claim would not survive a motion to dismiss. (*Id.* at 6–13). While Defendant is correct that the Court should consider potential futility, it is important to remember that Plaintiff was within the timeframe set by this Court for amendment. Accordingly, at this

early stage of the litigation, the Court is charged with determining simply whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). The amended complaint here meets this low bar. "[T]he Court believes that it's the better exercise of discretion to permit the amendment," after which Defendant may raise the merits arguments presented in its Opposition in a dispositive motion once the Amended Complaint is filed. *Id.* At that point, "the matter will then be subject to proper consideration by the District Judge." *Id.*

Further, the Court notes that there is no evidence of, nor does Defendant allege, any undue delay, bad faith or dilatory motive on the part of Plaintiff. The Court also finds that at this stage of the litigation, Defendant will not suffer any undue prejudice by virtue of allowing the amendment. With these factors in mind, and in light of the federal policy in favor of liberal amendment, the Court finds amendment is proper at this time.

## IV. CONCLUSION

For those reasons, Plaintiff's Motion for Leave to File First Amended Complaint *Instanter* (Doc. 17) is **GRANTED**. The Clerk is **DIRECTED** to file Doc. 17-1 as the Amended Complaint. In light of this procedural posture, it is also **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 4) be **DENIED AS MOOT**. Defendant, of course, may file another motion for judgment on the pleadings if it so desires.

IT IS SO ORDERED.

Date: February 16, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE